## FOURTH DEPARTMENT, JULY TERM, 1895.

Ella I. Baskin, Appellant, v. Mary E. Ingalls and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements.— MARTIN, J. : This action was for the partition of certain real property situated in the county of Schuyler, of which Ebenezer Ingalls died seized. The plaintiff was his daughter, the defendant Mary E. Ingalls his wife, and Charles W. Ingalls his son. He devised to each one-third of the real estate of which he died seized. After the testator's death the plaintiff commenced this action. William M. Pellett and Matilda Fiero were made defendants, and answered, denying that the decedent was seized in fee simple and possessed of the land known as the Fiero house and lot. They also alleged that the lot in question was owned by the defendant Pellett in 1883, subject to a written contract to sell the same to the defendant Fiero; that subsequently he sold and assigned his interest in such contract to the testator, and conveyed to him the title to such land subject to such contract, as a security for money; that such assignment was still in force; that the defendant Fiero had occupied the lands under such contract since it

was made, and made payments thereon to the decedent and his executors, and that the only interest the decedent or his executors had in said land was a chattel interest as security for the payment of $700 and interest from the 16th of June, 1883. It appeared from the papers read upon this motion that, after issue was joined and while the action was pending, the defendants, Mary E. Ingalls and Charles W. Ingalls, personally, and as executor and executrix of the last will and testament of Ebenezer Ingalls, deceased, Mary E. Ingalls, as trustee thereunder, and the plaintiff in this action, made and entered into an agreement whereby the matters in dispute between them were to be settled, and the lands described in the complaint divided, with the exception of the Fiero house and lot, and the question whether as between the parties that was real or personal property was to be submitted to Hon. O. P. Hurd for determination. If held to be realty, then the plaintiff was to receive one-third thereof. After this agreement was made and executed by the parties, the attorney for the answering defendants, among whom were Mary E. Ingalls. Charles

W. Ingalls, William M. Pellett and Matilda Fiero, stipulated to withdraw all the answers interposed by them, consented that the plaintiff might proceed in the action as upon default, and waived notice of application for judgment. It also appeared by the affidavits read in opposition to this motion that the Fiero house and lot was by express agreement to be deemed withdrawn from the action and further proceedings in the case, and it was understood that the description thereof should be regarded as stricken out of the complaint, and that no decree of partition should be taken as to it; that it was the intention and understanding of the parties that the defendant Fiero was to be regarded as the owner of that parcel under her contract of purchase; that no further proceedings in the action were to be taken against her on account thereof, and that the question whether the same was real or personal property as between the plaintiff and the defendants Mary E. and Charles W. Ingalls in the distribution of the estate was to be determined in the manner specified. This understanding was carried out by the plaintiff by omitting from the decree herein the description of the Fiero house and lot. It is quite manifest from the papers contained in the appeal book that, during the progress of this action, there was an understanding and agreement between the tenants in common of the property mentioned in the complaint for the settlement of the action, and the division of the property in the manner set forth in the written contract between them. It is equally obvious that there was an understanding between all the parties that the Fiero house and lot was not thereafter to be regarded as a part of the property which was to be partitioned, but that Mrs. Fiero was to have it upon the payment of the portion of the purchase price remaining unpaid, and the question to be determined by Judge Hurd was whether the amount to be thus paid was to be treated as real or personal property in the division between the plaintiff and the defendants Mary E. and Charles W. Ingalls. Under these circumstances, it would, we think, have been both inequitable and unjust to grant the plaintiff's motion to insert a description of the Fiero property in the judgment herein *nunc pro tunc*, thereby making it a part of the property partitioned when it had been withdrawn from the action in consideration of the withdrawal of their answers by the defendants Pellett and Fiero. Nor do we think that any new interlocutory judgment should be granted as to such premises, directing a sale or division thereof, as such an order would be in direct conflict with the understanding between the parties, as the same may have been found by the Special Term. A careful examination of the papers before us upon this appeal has led us to the conclusion that the court properly denied the plaintiff's motion, and that the order appealed from should be affirmed. Order affirmed, with ten dollars costs and disbursements. Hardin, P. J., and Merwin, J., concurred.